IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BLAIR CHIEFSTICK, <br><br> Defendant. | CR 13-29-GF-BMM-JTJ <br><br> **FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Blair Chiefstick (Chiefstick) has been accused of violating the conditions of his supervised release. Chiefstick admitted all of the alleged violations, except alleged violations 3 and 7. The Court dismissed alleged violations 3 and 7 on the government's motion. Chiefstick's supervised release should be revoked. Chiefstick should be placed in custody for 6 months, with 108 months of supervised release to follow. Chiefstick should serve his term of custody at the Federal Correctional Institution in Englewood, Colorado. Chiefstick should serve the first 180 days of his supervised release in a residential re-entry center in Billings, Montana.

## II. Status

Chiefstick pleaded guilty to Aggravated Sexual Abuse on August 13, 2013. (Doc. 41). The Court sentenced Chiefstick to 87 months of custody, followed by 10 years of supervised release. (Doc. 48). Chiefstick's current term of supervised release began on August 7, 2020. (Doc. 71 at 1).

**Petition**

The United States Probation Office filed a Second Amended Petition on February 1. 2021, requesting that the Court revoke Chiefstick's supervised release. (Doc. 71). The Second Amended Petition alleged that Chiefstick had violated the conditions of his supervised release: 1) by failing to report to his probation officer as directed; 2) by consuming alcohol on three separate occasions; 3) by failing to follow the instructions of his probation officer; 4) by knowingly having contact with a minor without obtaining the prior approval of his probation officer; 5) by failing to report for substance abuse testing; 6) by failing to comply with the requirements of the Sex Offender Registration and Notification Act; 7) by failing to report for sex offender treatment; and 8) by committing another crime.

**Initial appearance**

Chiefstick appeared before the undersigned for his initial appearance on February 2, 2021. Chiefstick was represented by counsel. Chiefstick stated that

2

he had read the Amended Petition and that he understood the allegations. Chiefstick waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 2, 2021. Chiefstick admitted alleged violations 1, 2, 4, 5, 6, 8, 9, 10, 11 and 12. Chiefstick denied alleged violations 3 and 7. The Court dismissed alleged violations 3 and 7 on the government's motion. The violations that Chiefstick admitted are serious and warrant revocation of Chiefstick's supervised release.

Chiefstick's violations are Grade C violations. Chiefstick's criminal history category is II. Chiefstick's underlying offense is a Class A felony. Chiefstick could be incarcerated for up to 60 months. Chiefstick could be ordered to remain on supervised release for 114 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Chiefstick's supervised release should be revoked. Chiefstick should be incarcerated for 6 months, with 108 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Chiefstick should serve his term of custody at the Federal Correctional Institution in Englewood, Colorado.

Chiefstick should serve the first 180 days of his supervised release in a residential re-entry center in Billings, Montana.

## IV. Conclusion

The Court informed Chiefstick that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Chiefstick of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Chiefstick that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Blair Chiefstick violated the conditions of his supervised release: by failing to report to his probation officer as directed; by consuming alcohol on three separate occasions; by failing to follow the instructions of his probation officer; by knowingly having contact with a minor without obtaining the prior approval of his probation officer; by failing to report for substance abuse testing; by failing to report for sex offender treatment; and by committing another crime.

The Court **RECOMMENDS:**

> That the District Court revoke Chiefstick's supervised release and commit Chiefstick to the custody of the United States Bureau of Prisons for 6 months, with 108 months of supervised release to follow. Chiefstick should serve his term of custody at the Federal Correctional Institution in Englewood, Colorado. Chiefstick should serve the first 180 days of his supervised release in a residential re-entry center in Billings, Montana.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 4th day of February, 2021.

John Johnston
United States Magistrate Judge