IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BLAIR CHIEFSTICK,<br><br>Defendant. | CR 13-29-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Blair Chiefstick (Chiefstick) has been accused of violating the conditions of his supervised release. Chiefstick admitted alleged violations 1, 2, 3 and 4, a portion of alleged violation 6, and alleged violation 7. The Court dismissed alleged violation 5 on the government's motion. Chiefstick's supervised release should be revoked. Chiefstick should be placed in custody for 15 months, with no supervised release to follow. Chiefstick should serve his term of custody at USP Marion in Marion, Illinois.

## II. Status

Chiefstick pleaded guilty to Aggravated Sexual Abuse on August 13, 2013. (Doc. 41). The Court sentenced Chiefstick to 87 months of custody, followed by 10 years of supervised release. (Doc. 48). Chiefstick's current term of supervised

release began on July 22, 2022. (Doc. 114 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on September 8, 2022, requesting that the Court revoke Chiefstick's supervised release. (Doc. 114). The Amended Petition alleged that Chiefstick had violated the conditions of his supervised release 1) by failing to follow the instructions of his probation officer; 2) by failing to report for sex offender treatment; 3) by failing to report for substance abuse treatment; 4) by failing to comply with his substance abuse testing requirements; 5) by failing to notify his probation officer of a change in residence; 6) by committing another crime; and 7) by consuming alcohol.

**Initial appearance**

Chiefstick appeared before the undersigned for his initial appearance on October 4, 2022. Chiefstick was represented by counsel. Chiefstick stated that he had read the Amended Petition and that he understood the allegations. Chiefstick waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 4, 2022. Chiefstick

admitted that he had violated his supervised release 1) by failing to follow the instructions of his probation officer; 2) by failing to report for sex offender treatment; 3) by failing to report for substance abuse treatment; 4) by failing to comply with his substance abuse testing requirements; 5) by committing another crime; and 6) by consuming alcohol. The Court dismissed alleged violation 5 on the government's motion. The violations that Chiefstick admitted are serious and warrant revocation of Chiefstick's supervised release.

Chiefstick's violations are Grade C violations. Chiefstick's criminal history category is II. Chiefstick's underlying offense is a Class A felony. Chiefstick could be incarcerated for up to 60 months. Chiefstick could be ordered to remain on supervised release for 94 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 4 to 10 months.

### III. Analysis

Chiefstick's supervised release should be revoked. Chiefstick should be incarcerated for 15 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary. Chiefstick should serve his term of custody at USP Marion in Marion, Illinois.

### IV. Conclusion

The Court informed Chiefstick that the above sentence would be

recommended to Chief United States District Judge Brian Morris. The Court also informed Chiefstick of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Chiefstick that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Chiefstick stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Blair Chiefstick violated the conditions of his supervised release: by failing to follow the instructions of his probation officer; by failing to report for sex offender treatment; by failing to report for substance abuse treatment; by failing to comply with his substance abuse testing requirements; by committing another crime; and by consuming alcohol.

The Court **RECOMMENDS:**

> That the District Court revoke Chiefstick's supervised release and commit Chiefstick to the custody of the United States Bureau of Prisons for 15 months, with no supervised release to follow. Chiefstick should serve his term of custody at USP Marion in Marion, Illinois.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 11th day of October, 2022.

_/s/ John Johnston_
John Johnston
United States Magistrate Judge